**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

United States of America

    v.                                    Criminal No. 03-cr-20-01-SM

Edward Morin

**O R D E R**

The defendant appeared for a bail revocation hearing on this date pursuant to 18 U.S.C. § 3148.

On July 5, 2005, the defendant was sentenced to ninety-six (96) months to be followed by three (3) years of supervised release.  During the latter part of his incarceration, he received community based treatment services at Hampshire House from May 19, 2010 until his release on August 20, 2010.  According to a Notice of Violation and Request for Warrant dated August 27, 2010, the defendant used cocaine on the night of his release on August 20th.  Also according to that notice, the defendant used cocaine again on August 21st and August 26th and failed to attend his scheduled treatment meeting at LTG Counseling on August 26th.  On the morning of August 27th at 8:00 am, a probation officer conducted a home visit and ascertained that the defendant had also used alcohol on August 26th and still

appeared to be under the influence at the time of the visit.  All of these alleged acts violate the terms of the defendant's conditions of supervision in various ways.

   The defendant was arrested on August 27th and brought before the court on the same day for an initial appearance on a petition to revoke supervised release.  At the government's request the defendant was temporarily detained and a detention hearing was scheduled for Monday, August 30th.  At that hearing the government and the defendant agreed upon very stringent conditions of release and the court approved the agreed upon conditions.  Condition number 8(m) expressly directed that the defendant, who is a registered sex offender, "shall have no unsupervised contact with any minor children."

   On Thursday, September 2, just three (3) days after his release on conditions, the probation officer learned during a home visit that the defendant was in the unsupervised company of a seven (7) year old boy.  As outlined in the Report of Bail Violation dated September 2, 2010, the factual basis of which the defendant does not contest, a neighbor asked the defendant to supervise her son because she was having car troubles and could not meet her son after school.  She apparently made arrangements with the school to allow the boy to walk to the defendant's home

after the school day concluded.  During the course of the detention hearing, defense counsel candidly informed the court that the defendant did not seek permission from his probation officer to supervise the minor child.  The Office of Probation and Pretrial Services maintains that this conduct violates condition number 8(m) and the government seeks detention.

A request to revoke bail is governed by 18 U.S.C. § 3148, which provides in part:

> The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer--
>
> (1) finds that there is-
>
>> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>>
>> (B) clear and convincing evidence that the person has violated any other condition of release; and
>
> (2) finds that--
>
>> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>>
>> (B) the person is unlikely to abide by any condition or combination of conditions of release.

18 U.S.C. § 3148 (b)(1)-(2).  The government has the initial burden to establish the violation under 18 U.S.C. § 3148 (b)(1).

In order to satisfy the probable cause requirement of § 3148 (b)(1)(A), the facts available to the judicial officer must "'warrant a man of reasonable caution in the belief' that the defendant has committed a crime while on bail." <u>United States v. Aron</u>, 904 F.2d 221, 224 (5th Cir. 1990)(citations omitted).

If the government establishes probable cause to believe the defendant committed a new "felony" offense on release, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community. 18 U.S.C. § 3148(b)(2). Otherwise, the government typically has the burden to prove by a preponderance of the evidence the requirements of section 3148 (b)(2)(A) or (B). <u>Aron</u>, 904 F.2d at 224; <u>United States v. Poinsett</u>, 953 F. Supp. 37, 38 (N.D.N.Y. 1997). The parties agree, however, that when addressing an alleged violation of conditions of release set on a supervised release petition, the defendant has the burden to prove by clear and convincing evidence that he does not present a flight risk or danger to the community and that he is likely to abide by any condition or combination of conditions of release. <u>See</u> Fed. R. Crim. P. 32.1(a)(6); 18 U.S.C. § 3143(a).

In this case, the defendant does not contest that he technically violated condition number 8(m).  He argues, however, that the factual circumstances of this violation are benign and excusable and do not justify an order of detention.  Based on the totality of the record, however, the court believes the defendant has failed his burden on this issue.

If taken in isolation, despite his sex offender status, the defendant's action on September 2nd may not alone warrant detention.  In assessing whether the defendant presents a risk to the community or can abide by conditions of release, however, the court cannot take such a narrow view of the record.  Within hours of his release after eight years in custody, the defendant used cocaine.  In fact, since his release the defendant has ingested cocaine on at least three (3) occasions, drank alcohol on at least one (1) occasion, and missed a treatment appointment.  All of this occurred in just the first seven (7) days following his release; and it all occurred after he had just completed a three (3) month treatment stay in Hampshire House. Within three (3) days of his release on his supervised release violations, he has committed yet another violation.  In total, that amounts to seven (7) violations during his ten (10) days of non-incarceration.  This, when combined with his criminal record, satisfies the court

that regardless of which party has the burden of proof, there is no set of conditions that can assure the safety of the community and it is unlikely the defendant would abide by any conditions of release in any event.  Therefore, the conditions of release are revoked.

Accordingly, it is **ORDERED** that the defendant be detained pending trial.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED.**

/s/ Daniel J. Lynch
Daniel J. Lynch
United States Magistrate Judge

Date:  September 3, 2010

```
cc:     Robert J. Veiga, Esq.
        Bjorn R. Lange, Esq.
        U.S. Marshal
        U.S. Probation
```